■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESUS RAMOS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 4, 1970, convicting him of criminal possession of a dangerous drug in the fifth degree, upon a guilty plea, and imposing sentence. Judgment affirmed. About a week before the hearing on defendant's motion to suppress evidence, the arresting police officer refreshed his recollection from his "scratch notes" and destroyed them. He did not destroy his original arrest notes, but left them with the police property clerk, and they were therefore available for production upon defendant's demand and for use in cross-examination if defendant so desired. So far as the record indicates, the original notes were substantially the same as the scratch notes and, consequently, the destruction of the latter could not have had the effect of defeating cross-examination (cf. *People* v. *Betts,* 272 App. Div. 737, affd. 297 N. Y. 1000). Since defendant did not demand production of the original notes, *People* v. *Malinsky* (15 N Y 2d 86) and *People* v. *Rosario* (9 N Y 2d 286) do not apply. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WILLIAMS, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, rendered September 15, 1971, upon a conviction of robbery in the second degree, on a plea of guilty. Defendant was sentenced to an indeterminate term of imprisonment not to exceed five years. Sentence reversed, on the law, and case remanded to the Criminal Term for resentencing in accordance with the views set forth herein. It is our opinion that the language employed by the sentencing court was equivocal on the question of its awareness of the options open for the sentence of a defendant who is a narcotic addict not receivable by the Narcotic Addiction Control Commission (*People* v. *Laing,* 40 A D 2d 709; *People* v. *Bennet,* 39 A D 2d 320). In remanding we do not, of course, indicate what sentence should be imposed. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.